White, J.
There are but two questions in this case on which the court deem it necessary to express an opinion.
The first question is, whether the plaintiff in error is a purchaser of the premises in controversy pendente lite.
We think he can be regarded in no other light. Prior to the making the purchase by the plaintiff in error, Biggs, the defendant in error, had answered in the case. In his answer, Biggs set up tbe facts showing that Mrs. Long held the property in trust for the firm, and asked that she be made a party to the suit, and that the property be subjected to firm purposes. On his application, the court ordered her to be made a party defendant, and that a summons issue for the purpose. A summons was accordingly issued in the usual form, which was duly served. The record shows that she subsequently applied by her attorney to the court and obtained leave to ansiver. Without, .therefore, deciding that the service of the summons would not have been sufficient to effect her appearance for all the purposes of the suit, it seems plain to us, that by applying for and obtaining leave to answer, her voluntary appearance was effected. The effect of such appearance can not be restricted to the matters averred in the petition. The petition made no reference to her. The matter set up in the answer of Biggs, affecting her title, made her a necessary party to the determination of the controversy. Independent of such matter she had no position in the case; and the leave she obtained to answer can only be understood as referring to such allegations as affected her interest.
The second question is, whether the court erred in setting *657 aside, at a subsequent term, the order dismissing the appeal.
Error is claimed to have intervened on two grounds: 1. That there was no irregularity in ordering the dismissal; 2. That, before vacating the order of dismissal, the court ought to have adjudged that there was a valid cause of action.
In regard to the first of these grounds it may be remarked that, in the absence of a showing to the contrary, it will be presumed that sufficient grounds existed to warrant the court in making the order to vacate the former order of dismissal; and that the motion to vacate the last order, made after the trial of the case .on the merits, came too-late.
But we are not prepared to say that the record does not. show, affirmatively, error or irregularity in entering the-order of dismissal.
The appeal had been duly perfected; and the only lachesimputed to Biggs, the appellant, was his failure to prosecute his suit at the term at which the order was made. By section 372 of the code, where the plaintiff fails to appear at the trial, the court may dismiss the action without prejudice ; and Biggs doubtless, as to the matters in issue in the District Court, may be regarded as a plaintiff within the-meaning of this provision. His failure to appear might have justified a trial in his absence, or a dismissal of his. case without prejudice. But the order in the present instance was to dismiss the appeal, the effect of which might have been, if not corrected, to preclude him from suing-again, and to conclude him by the judgment of the court below.
The second alleged ground of error grows out of what we-regard as a misapplication of section 538 of the code. The section is as follows : “ A judgment shall not be vacated on motion or petition, until it is adjudged there is a valid defense to the action in which the judgment is rendered, or, if the plaintiff seeks its vacation, that there is a valid, *658 ■cause of action; and where a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment.”
This section is to be construed in connection with the ■other sections in the same chapter, and with reference to •the special matter to which it is to be applied.
In the present instance the case had been dismissed with-cut a trial. After it was decided that ther'e was good .ground to vacate the order of dismissal, there could be no .adjudication upon the merits until the case was reinstated, •or again brought before the court. The court could not ■determine the validity of the cause of action without having the parties and the case before it; and the only material effect of the order of the court at the April term, 1874, was to again bring the case before the court for trial on the merits. On such trial, the court found a valid cause of action in favor of Biggs, against whom the irregularity had ¡been committed, and rendered a decree in accordance with .-such finding. This was a compliance with section 588 of the •code in so far as it is applicable.

Leave refused.

McIlvaine, O. J., Welch, Rex, and Gilmore, JJ., concurred.